IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YONEL HERNANDEZ | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-7027 |
| | : | |
| SUPT. DANIEL BURNS, et al. | : | |

### ORDER

AND NOW, this 18th day of December, 2013, upon careful and independent consideration of Petitioner Yonel Hernandez's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and after review of the Report and Recommendation of United States Magistrate Judge Henry S. Perkin, to which no objections have been filed,[1] it is ORDERED:

1. The Report and Recommendation (Document 12) is APPROVED and ADOPTED;[2]

---

[1] The Report and Recommendation was sent to all parties of record on November 13, 2013, together with a Notice from the Clerk of Court advising the parties of their obligation to file any objections within 14 days after service of the Notice. See Local R. Civ. P. 72.1 IV(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. § 636(b)(1)(B), and subsections 1(c) and (d) of this Rule within fourteen (14) days after being served with a copy thereof"). As of today's date, no objections have been filed.

[2] The Magistrate Judge recommends that Hernandez's habeas petition be dismissed as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The Pennsylvania Superior Court affirmed Hernandez's conviction and sentence on direct appeal on February 16, 2010. Hernandez filed a notice of appeal, which was treated as a petition for allowance of appeal, in the Pennsylvania Supreme Court on March 17, 2010. See Resp't's App. at A22. Because Hernandez failed to perfect his appeal, however, the appeal was administratively closed on November 12, 2010. See id.; see also ECF No. 1 at 23. Hernandez thereafter filed a petition for relief under the Post Conviction Relief Act (PCRA) on November 10, 2011, and filed a second PCRA petition on December 12, 2012, both of which were ultimately denied as untimely on May 30, 2013. Hernandez also filed the instant federal habeas petition in December 2012. Although the petition is dated March 10, 2012, the mailing envelope is postmarked December 13, 2012, and other documents accompanying the petition—including Hernandez's motion to proceed in forma pauperis and a document captioned "Manifestation of Injustice"—are dated

December 10, 2012, and December 3, 2012, respectively. Therefore, notwithstanding the date on the petition itself, it appears the petition was filed in December 2012. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court"). In any event, as discussed below, the petition would still be time barred even if it was filed in March 2012.

The Magistrate Judge first concluded the one-year period in which to file a federal habeas petition began on the date Hernandez's "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), as Hernandez has not shown that any of the alternative start dates set forth in § 2244(d)(1) applies. The Court agrees. Hernandez has not identified a state-created impediment that prevented him from filing a federal habeas petition or alleged a violation of a newly recognized constitutional right made retroactively applicable to cases on collateral review; hence, the alternative start dates set forth in § 2244(d)(1)(B) and (d)(1)(C) are inapplicable. Moreover, while Hernandez alludes in his petition to "new discovered evidence," *see, e.g.*, Pet. 6-8, he has not explained what this newly discovered evidence consists of, when he discovered it, or why he could not have discovered it earlier through the exercise of due diligence, as required to avail himself of the alternative start date set forth in § 2244(d)(1)(D).

The Magistrate Judge next concluded Hernandez's conviction and sentence became final on March 18, 2010, when the 30-day period for filing a petition for allowance of appeal in the Supreme Court expired. The Magistrate Judge found Hernandez's filing of a notice of appeal in the Pennsylvania Supreme Court did not prevent his conviction and sentence from becoming final because, although the Supreme Court construed the notice as a petition for allowance of appeal, Hernandez failed to perfect the appeal, and, as a result, the appeal was administratively closed. The Magistrate Judge also concluded Hernandez was not entitled to statutory tolling during the pendency of his PCRA petitions (from November 10, 2011, to May 30, 2013) because the PCRA petitions were not "properly filed," having been dismissed by the PCRA Court as time barred. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding a state post-conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The Magistrate Judge likewise determined Hernandez had not established a basis for equitable tolling. Absent a basis for statutory or equitable tolling, the Magistrate Judge found Hernandez's habeas petition, which was filed more than two years after his conviction became final, was barred as untimely.

As noted, Hernandez has not filed objections to the Report and Recommendation. Upon review of the record in this case, the Court agrees Hernandez's habeas petition is time barred. Even if Hernandez's conviction and sentence were not deemed to have become final for purposes of § 2244(d)(1)(A) until November 12, 2010, when the Pennsylvania Supreme Court administratively closed Hernandez's appeal, his federal habeas petition was not filed until December 2012, more than two years later. (Indeed, the petition would still be untimely even if it were deemed to have been filed in March 2012, when Hernandez claims to have placed it in the prison mailing system.) The Court also agrees Hernandez is not entitled to statutory tolling, as the dismissal of his PCRA petitions as untimely became final when Hernandez failed to appeal it. *See Commonwealth v. Hernandez-Payero*, No. CP-06-CR-0005286-2007 (Ct. Com.

2.      Hernandez's petition for writ of habeas corpus (Document 1) is DISMISSED without an evidentiary hearing; and

3.      There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability.

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

Pl. Berks Cnty.), docket available at http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-06-CR-0005285-2007 (last visited Dec. 18, 2013); *see also Merritt v. Blaine*, 326 F.3d 157, 158 (3d Cir. 2003) (holding once a state court has determined a state post-conviction petition is untimely, "it would be an undue interference for a federal district court to decide otherwise"). Finally, the Court agrees Hernandez has not shown equitable tolling is warranted. Accordingly, the Report and Recommendation is approved and adopted.